IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brenda C. Armstead, a/k/a Brenda Cecelia Clark Armstead, <br>                Plaintiff, <br><br> vs. <br><br> United States Office of the President, <br><br>                Defendant. | C/A No. 3:19-1722-MBS <br><br> **OPINION AND ORDER** |

Plaintiff Brenda C. Armstead, proceeding pro se, filed a complaint on June 17, 2019, asserting that the constitutional rights of African Americans and Native Americans have been violated. See 42 U.S.C. § 1983. Plaintiff seeks the elimination of the office of the United States President, to be replaced by a new world order; the issuance of a social security credit card with any balance due to be paid by the International Court; the appointment of a judge by Mexico to resolve any further border disputes between the United States and Mexico; and the voluntary return at government expense of African Americans to Africa. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Bristow Marchant for pretrial handling.

The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B). The Magistrate Judge first noted that Plaintiff's complaint contains allegations that are generally incomprehensible and nonsensical. The Magistrate Judge also noted that Plaintiff has failed to explain any harm she has suffered from any acts of Defendant. The Magistrate Judge observed that any claims by Plaintiff regarding negligence are not actionable under § 1983. Finally, the Magistrate Judge stated that Plaintiff, as a layperson, lacks authority to represent the interests of

others.[1]  Accordingly, the Magistrate Judge recommended that the complaint be summarily dismissed without prejudice and without issuance and service of process.

The Magistrate Judge further noted that Plaintiff had applied to proceed in forma pauperis, but that Plaintiff's application form showed take-home wages of $2,530.00 per month, zero debt, and $1,650.00 in a savings account.  The Magistrate Judge found that Plaintiff would not be rendered destitute by paying the fee of $400.00 ($350.00 filing fee plus a $50.00 administrative fee).  The Magistrate Judge therefore recommended that Plaintiff's motion to proceed in forma pauperis be denied.  Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.  Id.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record.  The court concurs in the Report and Recommendation and incorporates it herein by reference.  Plaintiff's complaint is summarily

---

[1] Plaintiff named "African Americans - United States" as the plaintiff and herself as an "interested party" in the caption of her complaint.  As the Magistrate Judge explained, Plaintiff, who is not an attorney, cannot represent the interests of another litigant.  To the extent "African Americans - United States" is denominated as a plaintiff, it is summarily dismissed.

**dismissed without prejudice** and without issuance and service of process. Plaintiff's motion to proceed in forma pauperis also is **denied**.

    **IT IS SO ORDERED**.

                                    /s/ Margaret B. Seymour
                                    Senior United States District Judge

Columbia, South Carolina

September 5, 2019